DELLA M. MEADOWS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4442-75.    Filed April 7, 1976.

Della M. Meadows, pro se.
*Milton J. Carter, Jr.,* for the respondent.

DRENNEN, *Judge:* Respondent determined a deficiency in petitioner's income tax for 1973 in the amount of $978.09. Respondent having conceded on brief that petitioner is entitled to claimed deductions for the year 1973 in the amount of $225 for attorney's fees and $150 for travel expenses, the only issue remaining for decision is whether petitioner is entitled to a deduction in 1973 for moving expenses under section 217, I.R.C. 1954, which she incurred and paid in 1971. The parties agree that if a deduction is allowable, the amount thereof is $3,000.

### FINDINGS OF FACT

The stipulated facts are so found.

Petitioner is a married woman living apart from her husband with legal residence at the time she filed the petition herein and at the present time in Phoenix, Ariz.

Petitioner filed a separate Federal income tax return for the year 1973 with the Western Region Service Center at Ogden, Utah.

Petitioner lived in Flagstaff, Ariz., prior to September 1971. Her husband left her in 1968. Petitioner was a registered nurse and was employed as a nurse in a local Flagstaff hospital in 1971. There were few opportunities in Flagstaff for self-employment as a private duty nurse so she decided to move to Phoenix.

Petitioner moved from Flagstaff to Phoenix in September of 1971. She sold her residence in Flagstaff and bought another residence in Phoenix in September of 1971. In connection with these transactions and her move from Flagstaff to Phoenix, petitioner incurred expenses of $3,666.50 which she paid in 1971. The parties agree that $3,000 of these expenses qualify as moving expenses under section 217(b) of the Code.

Upon her move to Phoenix in September 1971 petitioner caused her name to be entered on the private duty nurse registry and began self-employment as a private duty nurse. She has continued this business activity to the present time.

On her 1973 income tax return, petitioner deducted the amount of $3,666.50 as a business expense "moving expense— selling and purchasing home." In the notice of deficiency respondent disallowed this deduction for the reason that the expenses were not paid or incurred in 1973.

OPINION

Section 217(a), I.R.C. 1954,[1] allows as a deduction "moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work." Section 217(c) provides, however, that no deduction shall be allowed unless the taxpayer's new principal place of work is at least 50 miles farther from his former residence than was his former principal place of work, and—

during the 24-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer * * * performs services as a self-employed individual on a full-time basis, in such general location, during at least 78 weeks, of which not less than 39 weeks are during the 12-month period referred to in subparagraph (A).

There is no dispute that petitioner met all of the conditions for allowance of the deduction. The only question is whether she can deduct the amount paid in 1971 on her tax return for 1973.

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

Petitioner contended at trial that inasmuch as at the time her 1971 return was due to be filed in April of 1972 she had not and could not have qualified under the 78 weeks' requirement of such paragraph (2)(B) quoted above but did meet that requirement in 1973, the latter year was the year she should be allowed the deduction. Her reasoning has appeal, but unfortunately, the law and regulations provide otherwise.

Section 217(a) allows the deduction for moving expenses "paid or incurred during the taxable year." For petitioner this was the year 1971, not 1973. Furthermore, subsection (d)(2) also provides:

> If a taxpayer has not satisfied the condition of subsection (c)(2) before the time prescribed by law (including extensions thereof) for filing the return for the taxable year during which he paid or incurred moving expenses which would otherwise be deductible under this section, but may still satisfy such condition, then such expenses may (at the election of the taxpayer) be deducted *for such taxable year* notwithstanding subsection (c)(2). [Emphasis added.]

Section 1.217-2(d)(2), Income Tax Regs., clearly explains what should be done in the event the minimum time of self-employment in the new place under Code section 217(c)(2) has not been satisfied before the time prescribed by law for filing the return for the taxable year in which the expense was paid for or incurred. It points out that under the law the taxpayer may elect to take the deduction on the return for that year anyway, and may exercise the election by taking the deduction on that return. On the other hand, where the taxpayer does not elect to claim a deduction for moving expenses on the return for the taxable year in which such expenses were paid or incurred and the minimum period of employment is subsequently satisfied, the taxpayer may file an amended return or a claim for refund for the taxable year such moving expenses were paid or incurred on which he may claim a deduction under section 217.

It is clear from the above that petitioner should have claimed the deduction on either her original or an amended return for 1971 [2] and is not entitled to the deduction for the year 1973.

In her brief petitioner suggests that she was self-employed in 1971 with a small gross income and that a deduction of $3,000

---

[2] The notice of deficiency herein was dated Apr. 11, 1975, at which time petitioner could have filed an amended return and claim for refund for 1971. While the time was short, it is unfortunate that she did not do so. We do not have enough information to know whether the mitigating provisions of secs. 1311-1314 would be of any benefit to petitioner with reference to 1971.

for moving expenses in 1971 would have given her a net operating loss that can be carried over to 1973. This issue was not raised before or during the trial and cannot be considered at this time. *Eleanor C. Shomaker,* 38 T.C. 192 (1962). Furthermore, we have no way of ascertaining from the record before us [3] whether the deduction would have produced an operating loss for petitioner in 1971, and even if so, whether any part of it could be carried over to produce a net operating loss deduction for petitioner on her 1973 return.

We sympathize with petitioner who apparently had no tax advice on when to claim the deduction, but we are unable to afford her any relief under the law.

Because of respondent's concessions,

*Decision will be entered under Rule 155.*

---

[3] We do not have petitioner's income tax return for 1971 or for any of the other years that might affect an operating loss carryover, if any, from 1971 to 1973. See sec. 172(b)(1) and (2).