WILLIAM C. PURDY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Purdy v. Commissioner
Docket No. 3623-78.
United States Tax Court
T.C. Memo 1979-193; 1979 Tax Ct. Memo LEXIS 331; 38 T.C.M. (CCH) 812; T.C.M. (RIA) 79193; May 17, 1979, Filed William C. Purdy, pro se. Neal D. Abreu, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Lehman C. Aarons, pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 6 of *332 this Court, 69 T.C. XV. [1] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE AARONS, Special Trial Judge: Respondent determined a deficiency in petitioner's federal income tax for 1974 in the amount of $951.40. The parties have come to an agreement as to all adjustments set forth in the notice of deficiency with the exception of respondent's disallowance, under section 217, [2] of a moving expense deduction claimed by petitioners in the amount of $1331.37, as an expense incident to the purchase of a new residence. FINDINGS OF FACT Many of the facts have been stipulated and are so found. Only those facts necessary for an understanding of this Opinion will be summarized below. Petitioner resided in Ventura, California at the time of filing the petition in this case. Petitioner had been employed *333 until November 22, 1974, as a staff consultant to nonprofit housing corporations in Wisconsin Rapids, Wisconsin. Starting November 25, 1974, petitioner was employed as Senior Housing Planner at the Richmond Regional Planning District Commission in Virginia. From November 22 through November 24, 1974, petitioner traveled from Wisconsin Rapids to Richmond in his own car and transported his own household goods. During the 30 day period from November 25 through December 24, 1974, peititoner incurred temporary living expenses at two motels (or hotels) in Richmond. Respondent conceded the deductibility of such transportation and temporary living expenses to the extent they were not reimbursed by petitioner's new employer. On or about December 28, 1974, petitioner leased a duplex in Richmond, with an option to purchase. The term of the lease commenced January 1, 1975. Because the duplex needed substantial repairs petitioner was forced to continue to live in a hotel or boarding house. His claimed $1331.37 deduction, here in dispute, is for boarding house and hotel rent, for food, and for laundry from December 25, 1974 through February 9, 1975. No part of these expenditures (except *334 possibly a nominal amount for food and laundry) was actually paid by petitioner in 1974. During the period for which petitioner claims the disputed deduction, he was making repairs to the unit of the duplex in which he was planning to live. He never exercised his option to purchse the duplex. Petitioner was a cash basis taxpayer. OPINION Petitioner's choice of 1974 as the year for claiming the disputed deduction was clearly in error (except possibly as to a nominal amount for food and laundry.) Regs. § 1.461-1(a)(1) and the cases decided thereunder require that allowable deductions to a cash basis taxpayer be taken into account for the taxable year in which paid. [3] This general rule was applied specifically to moving expense deductions in Meadows v. Commissioner,66 T.C. 51 (1976). We are not persuaded to the contrary by petitioner's argument that his move constituted an integrated transaction and that his 1975 expenses can therefore be carried backward. Petitioner failed to provide any proof as to his food and laundry *335 expenses from December 25 through December 31, 1974, and hence failed to carry the burden of proof on that score, imposed upon him by Rule 142(a) of this Court's Rules of Practice and Procedure. Although the foregoing is dispositive of this case, we think it appropriate to add that in our opinion the specified allowance (under section 217(b(1)(D)) of 30 consecutive days' meals and lodging while occupying temporary quarters in the general location of the new place of work, rules out any further meals and lodging deduction under the guise of expense of leasing or of purchasing a new residence. Such latter expenses (which are described in section 217(b)(2) of the Code, and in Regs. § 1.217-2(b)(7)(ii) and (iv)) include such items as attoereys fees, escrow and appraisal fees, title costs, loan placement charges, and commissions. We would be remiss in extending the temporary food and lodging deduction (which Congress saw fit to allow only for 30 days) by thus straining them eaning of "purchase or lease expenses". The Supreme Court has cautioned: Whether and to what extent deductions shall be allowed depends on legislative grace; and only as there is clear provision therefor can *336 any particular deduction be allowed. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Most assuredly, section 217 does not contain "clear provision" for the additional lodging, food and laundry expense deductions sought by petitioner. To reflect the parties' concessions, Decision will be entered under Rule 155. Footnotes
1. Pursuant to General Order No. 6 dated March 8, 1978, the post-trial procedures set forth in Rule 182 of this Court's Rules of Pracrice and Procedure are not applicable to this case.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
3. See McCoy v. Commissioner,T.C. Memo. 1971-34; Hickman v. Commissioner,T.C. Memo. 1973-232↩.