T.C. Memo. 2004-96


UNITED STATES TAX COURT


HAMID AND EOLINA BAJRAMOVIC, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10259-02.              Filed April 7, 2004.


Hamid and Eolina Bajramovic, pro sese.

Thomas D. Yang, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  The petition in this case was filed in response to the notice of deficiency sent to petitioner Hamid Bajramovic and petitioner Eolina Bajramovic, collectively petitioners.  Respondent determined a deficiency of $795 for petitioners' 1999 Federal income tax.  The sole issue for

decision is whether petitioners are entitled to a deduction for moving expenses in 1999.

FINDINGS OF FACT

The facts in this case have been deemed stipulated pursuant to Rule 91(f).[1]  At the time the petition was filed, petitioners resided in Chicago, Illinois.

In 1998, petitioners and their two dependent children left their home in the former Yugoslavia.  Petitioners traveled to Germany, where they applied to come to the United States.

In April 1998, petitioners and their children were granted refugee status and were accepted for resettlement in the United States.  Petitioners were to relocate to Chicago, Illinois, but they were unable to pay for the airline tickets until they received a $2,074 loan from the International Organization for Migration (IOM).

On June 8, 1998, petitioners and their children were issued permanent resident cards.  The next day petitioners and their children flew from Frankfurt, Germany, to their new home in Chicago, Illinois.

Petitioners filed a joint Federal income tax return for 1999, claiming a $5,340 deduction for moving expenses.  On May

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and the Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

17, 2002, respondent issued a notice of deficiency to petitioners for 1999 determining an income tax deficiency of $795 after denying the claimed moving expense deduction.  On June 17, 2002, petitioners timely filed a petition with the Court disputing respondent's determination.

## OPINION

Ordinarily, moving expenses are considered nondeductible family and living expenses.  See Jorman v. Commissioner, T.C. Memo. 1996-297.  However, a taxpayer may deduct moving expenses incurred during the taxable year in connection with the taxpayer's commencement of work if he meets the requirements of section 217(a).[2]

The taxable year in issue is 1999.  Petitioners moved to Chicago, Illinois, in 1998, but claimed a deduction of $5,340 for moving expenses in 1999.  Petitioners provided no testimony or evidence to prove they paid or incurred any moving expenses in 1999, nor did they offer a basis on which the Court could make an estimate under Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir.

---

[2]  SEC. 217.  MOVING EXPENSES

(a) Deduction Allowed.--There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work.

1930).[3]  See <u>Chiu v. Commissioner</u>, T.C. Memo. 1997-199; <u>Haberthier v. Commissioner</u>, T.C. Memo. 1984-377.

The parties stipulated to the fact that petitioners incurred a moving expense of $2,074 for airline tickets in 1998. Therefore, petitioners are not entitled to deduct moving expenses incurred during 1998 on their 1999 Federal income tax return. Sec. 217(a); see <u>Meadows v. Commissioner</u>, 66 T.C. 51 (1976); <u>Shaumyan v. Commissioner</u>, T.C. Memo. 1981-543, affd. without published opinion 697 F.2d 297 (2d Cir. 1982); <u>Kincheloe v. Commissioner</u>, T.C. Memo. 1980-527.

Petitioners moved their family from the former Yugoslavia to the United States in an attempt to start a new life.  Petitioners undoubtedly faced great hardships in their move.  Keeping records of their expenses and making sure they met the statutory requirements for deducting moving expenses were understandably the farthest things from their minds.  However, the law is specific in the requirements that must be met in order to deduct moving expenses, and we are unable to afford petitioners any relief under the law.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are irrelevant or without merit.

---

[3]  We need not decide whether the burden of proof shifts to respondent under sec. 7491(a) because the facts are not in dispute and the issue is one of law.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.
